FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2009 DEC -2 P 3: 20
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BOBBY J. COOPER, SR.

Petitioner,

vs.

CLAY TATUM, Warden,

Respondent.

CIVIL ACTION NO.: CV208-111

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bobby J. Cooper, Sr. ("Cooper"), an inmate currently incarcerated at the Albany Transitional Center in Albany, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Glynn County. Respondent filed an Answer-Response and a Motion to Dismiss. Cooper responded. The undersigned recommended that Respondent's Motion should be granted and Cooper's petition be dismissed as untimely. Cooper filed Objections to the undersigned's Report and a Motion to Amend his petition. The undersigned granted Cooper's motion to amend, and the Honorable Anthony A. Alaimo entered an Order dismissing, as moot, Respondent's Motion to Dismiss Cooper's original petition. The undersigned then directed Respondent to answer the allegations in Cooper's petition. Respondent has filed an Answer-Response. For the reasons which follow, Cooper's petition should be **DENIED**.

## STATEMENT OF THE CASE

Cooper was convicted, after a jury trial, in the Glynn County Superior Court of two (2) counts of selling cocaine. On October 5, 2001, he was sentenced to two (2) concurrent "split" 20 year sentences, 10 years to serve and 10 years to be probated. (Doc. No. 8-2, p. 1). Cooper filed an appeal, and the Georgia Court of Appeals affirmed his convictions and sentences. Cooper v. State, 265 Ga. App. 137, 592 S.E.2d 908 (2004).

Cooper filed a petition for writ of habeas corpus in the Tattnall County Superior Court and raised three (3) issues: 1) he received ineffective assistance of trial counsel; 2) he received ineffective assistance of appellate counsel; and 3) an improper sentence was imposed under O.C.G.A. § 17-10-7(c). (Doc. No. 8-2). After an evidentiary hearing, the Tattnall County Superior Court denied Cooper's petition. The Georgia Supreme Court denied Cooper's application for certificate of probable cause to appeal the denial of his habeas corpus petition. (Resp't's Ex. C).

In this petition, Cooper contends he was sentenced improperly under the Recidivist Act, O.C.G.A. § 17-10-7(c), in violation of state and federal laws. Cooper also contends he received ineffective assistance of trial counsel and appellate counsel. Cooper further contends the assistant district attorney committed errors based on statements in Cooper's presentence report and for failing to follow Georgia law.

Respondent contends that the state habeas corpus court's determination on Cooper's claim that his appellate counsel was ineffective for failing to raise issues about the improper notice of aggravation and prior felonies should be given deference. Respondent asserts that Cooper failed to raise ineffective assistance of appellate

counsel issues regarding ineffective assistance of trial counsel and the failure "to raise issues about trial court error and violation, and also failed to raise the ineffectiveness of trial counsel at first (sic) possible stage of post-conviction review." (Doc. No. 28, p. 6). Respondent also asserts that Cooper did not raise his contention that the assistant district attorney failed to follow the established rules and procedures and principals of law. Respondent contends that these claims are new but procedurally defaulted, as Cooper failed to raise them in his state habeas corpus petition. Respondent alleges that the state habeas corpus court found that Cooper's claims that he received ineffective assistance of trial counsel and that he was improperly sentenced under O.C.G.A. § 17-10-7(c) were procedurally defaulted and that this Court should defer to these findings.

## STANDARD OF REVIEW

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v.

Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Ineffective Assistance of Appellate Counsel/State Habeas Corpus Court's Determination**

Respondent asserts that the state habeas corpus court cited the standard set forth in Strickland v. Washington and found that Cooper's claim that his appellate counsel was ineffective for failing to raise the issue of improper notice of aggravation evidence and prior felonies was without merit. Respondent alleges that the state habeas corpus court found that Cooper did not show that his appellate counsel's actions were unreasonable, nor did Cooper establish any prejudice as a result of his appellate

counsel's actions. Respondent contends that Cooper has not shown that the state habeas court's decision is not entitled to deference.

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent in analyzing ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693. "A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was

AO 72A
(Rev. 8/82)

5

deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000)). Appellate counsel is not ineffective for failing to raise a meritless claim on appeal. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

The state habeas corpus court noted that Cooper's appellate counsel testified at the habeas hearing that he investigated Cooper's claim because there was some ambiguity in the sentencing hearing transcript, as a different assistant district attorney handled the sentencing hearing and that Cooper's trial counsel became ill before the appellate process and had to be excused from Cooper's case. (Doc. No. 10-2, p. 4). Patrick Kaufman ("Kaufman"), Cooper's appellate counsel, testified that the assistant district attorney who prosecuted the case informed him that she told Cooper's trial counsel that his prior convictions would be used to invoke the recidivist statute and for purposes of aggravation if Cooper were convicted. (Id., quoting Habeas Transcript, p. 15). The state habeas corpus court noted that Cooper's appellate counsel testified that he spoke to Cooper's trial counsel and the assistant district attorney who prosecuted the case, and, after speaking with these attorneys, he felt he raised the most meritorious claims on appeal. In addition, the state habeas corpus court noted that the State was not required to provide written notice of its intent to introduce Cooper's prior convictions under O.C.G.A. § 17-10-2 and that Cooper was unable to prove he was not given verbal notice of the State's intent.[1]

---

[1] Cooper appealed from an order denying his motion to correct a void sentence. The Georgia Court of Appeals noted Cooper's assertion that the State failed to submit notice of its intent to seek aggravated punishment pursuant to O.C.G.A. § 17-10-2(a). The Georgia Court of Appeals stated, "the requirements of [O.C.G.A.] § 17-10-2 are procedural, not substantive. And the failure to adhere to such procedures,

In determining that Cooper failed to prove his appellate counsel's performance was deficient and that the outcome of Cooper's appeal would have been different but for that deficiency, the state habeas corpus court cited to Shorter v. Waters, 275 Ga. 581, 571 S.E. 2d 373 (2002). The Shorter court noted that the "controlling principle" for claims of ineffective assistance of appellate counsel is "whether [appellate counsel's] decision was a reasonably tactical move which any competent attorney in the same situation would have made." 275 Ga. at 584, 571 S.E.2d at 376 (alteration in original).

The state habeas corpus court analyzed Cooper's claims of ineffective assistance of appellate counsel using the clearly established Supreme Court precedent for ineffective assistance of counsel claims. The state habeas corpus court's finding on this claim was not based on an unreasonable application of the controlling precedent to the facts before it. In addition, the undersigned notes the record is completely devoid of evidence showing that, if Mr. Kaufman were deficient as Cooper's post-trial counsel, he was prejudiced by this deficiency.

## II.  Procedurally Defaulted Claims

A district court is required to dismiss federal habeas claims that a petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in

---

while subject to *timely* appellate review as to whether sentence was lawfully imposed, does not render sentences imposed without such procedures void so as to secure appellate review absent a legitimate claim of void sentence." (Doc. No. 13-2, p. 109) (emphasis in original).

the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citation and punctuation omitted). A petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. Id. at 1305 ( "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent" state procedural grounds[2], the district court is precluded from later reviewing the merits of the claim on collateral attack. Payne v. Allen, 539 F.3d 1297, 1313 (11th Cir. 2008).

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256

---

[2] A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies a three-part test. "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, i.e., it must not be applied in an arbitrary or unprecedented fashion." Ferguson v. Sec'y for Dep't of Corr., 580 F.3d 1183, 1212 (11th Cir. 2009) (quoting Judd, 250 F.3d at 1313).

8

F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as [providing] no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Notably, Georgia law requires state habeas petitioners to raise all available grounds for relief in an original or amended habeas petition. O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

The Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met: A petitioner may obtain federal review of a procedurally defaulted claim if be can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice. Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to

AO 72A
(Rev. 8/82)

9

comply with the state procedural rule. Coleman, 501 U.S. at 753. The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

A. **Claims Defaulted Under State Law**

Respondent alleges that the state habeas corpus court determined that Cooper procedurally defaulted his claims that he was improperly sentenced under the recidivist statute, O.C.G.A. § 17-10-7(c), and that his trial counsel was ineffective because Cooper failed to raise these issues post-trial or on direct appeal.

The state habeas corpus court found that Cooper procedurally defaulted his claim of ineffective assistance of trial counsel pursuant to O.C.G.A. § 9-14-48(d)[3] and did not establish cause or prejudice or a miscarriage of justice. (Doc. No. 10-2, pp. 2-3). Likewise, the state habeas corpus court determined that Cooper's improper sentencing claim was procedurally defaulted because the issue was not raised at trial or on direct appeal.

The state habeas corpus court's determinations on these two claims are based on an independent and adequate state procedural law ground, and this Court cannot review the merits of Cooper's claims. Ferguson, 580 F.3d at 1212; footnote 2.

---

[3] "The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted. In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice." O.C.G.A. § 9-14-48(d).

### B. Claims not Previously Raised

Respondent contends that Cooper raises these new claims in this petition: 1) appellate counsel failed to raise issues about trial court error and to raise ineffective assistance of trial counsel claims during the first stage of post-conviction review; and 2) the assistant district attorney failed to follow the "established rules and procedures and principals (sic) of law" (Doc. No. 1, p. 6), based on an improper statement contained in Cooper's presentence report. According to Respondent, these claims are procedurally defaulted, as Cooper did not raise these issues in his state habeas corpus proceedings. Respondent avers that these claims are barred by the successive petition rule, as these claims are based on facts and law available to Cooper at the time he filed his state habeas corpus application.

A review of Cooper's state habeas corpus application and the transcript from his evidentiary hearing reveals that Cooper did not raise these issues during the state habeas corpus proceedings. There is no indication that Cooper could not have raised these issues during his state habeas corpus proceedings, as these claims are grounded in events which occurred during Cooper's criminal prosecution. Moreover, Cooper has not presented any evidence of cause and actual prejudice or of a miscarriage of justice. These claims are procedurally defaulted.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Cooper's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of December, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE